**STATE ex BENHAM v WIEGEL et**

· Ohio Appeals, 2nd Dist, Clark Co

No 377.  Decided July 15, 1937

### OPINION

**By THE COURT**

Submitted on demurrer of defendants to the petition, which is an action in mandamus.

The demurrer sets forth the following grounds:

"That it appears upon the face of the petition that:

"(1) The court has not jurisdiction of defendants.

"(2) The court has not jurisdiction of the subject of this action.

"(3) There is a misjoinder of the parties plaintiff, in this, that there is no cause of action set forth in said petition in favor of plaintiff, Josephine Benham, named therein.

"(4) The facts therein contained do not constitute a cause of action in favor of plaintiff and against defendants.

"(5) Relator shows no clear right to sustain her action, and that an adequate remedy at law exists.

"(6) The transaction is one in which others are concerned, and other interests are involved."

The petition avers in substance that the plaintiff on the 28th of December, 1936 was appointed chief cook of the Clark County jail by George W. Benham, sheriff of said county, for a period of four years, beginning January 4, 1937, to be compensated therefor in the sum of $225.00 per month; that since January 4, 1937 she has discharged her duties as chief cook of the Clark County jail under said appointment; that at a regular session of defendants, the Board of County Commissioners of Clark County, said Board failed, neglected and refused to approve payment of relator's salary under her appointment for the month of January, 1937, and thereafter has failed to approve or pay her salary due up to June 1, 1937, although demand has been made therefor and it is averred that said Board will continue to refuse to approve and allow payments to relator unless ordered to do so by this court.

It is averred that there is money in the county treasury of Clark County to the

Orville Wear, Springfield, for plaintiff.
Jerome K. Nevius, Prosecuting Attorney, Springfield, for defendants.

credit of the food maintenance fund of the Clark County jail for the use of the defendant Board of County Commissioners, not otherwise appropriated, sufficient to pay relator's claim.

It is further averred that the actual cost of feeding prisoners in the Clark County jail for the months of January, February, March, April and May of 1937, inclusive of relator's compensation at the rate of $225.00 per month, was $00.4253, $00.4354, $00.4537, $00.4747, $00.419 respectively per prisoner per day, within the limitation of §2850 GC.

It is further averred that the action on the part of the defendant Board of County Commissioners is illegal and void by virtue of §2850 GC; that the defendant Harold M. Fross, auditor of Clark County, Ohio, has refused and will refuse to issue his warrant on the county treasurer in favor of the relator for her lawful compensation under said appointment until said compensation is approved by the Board of County Commissioners, all of which is to the relator's irreparable damage and against which relator has no adequate recourse at law or otherwise than in this action.

The prayer is that a peremptory writ of mandamus be issued, commanding defendant Board of County Commissioners to approve for payment to relator the amount of compensation wrongfully withheld from her, and commanding the county auditor to draw his warrant on the county treasurer in favor of said relator in the amount allowed by the Commissioners and that the defendants be ordered to approve for payment and to pay during such period of time as relator may lawfully perform the duties and exercise the functions of chief cook of the Clark County jail the salary or compensation to which she may be entitled under said appointment.

The section upon which plaintiff predicates her cause of action, §2850 GC, is as follows: (We shall emphasize and number pertinent parts thereof for convenience of discussion).

"(1) The **sheriff** shall be allowed by the county commissioners (2) the **actual cost** of keeping and feeding prisoners or other persons confined in the jail, but at a rate not to exceed seventy-five cents per day of three meals each. * * * (3) **All food shall be purchased by the sheriff under rules and regulations to be prescribed by the county commissioners. (4) On the fifth day of each month the sheriff** shall render to the county commissioners an **itemized and accurate account, with all bills attached,** showing the actual cost of keeping and feeding prisoners and other persons placed in his charge and the number of meals served to each such prisoner or other person during the preceding month. The number of days for which allowance shall be made shall be computed on the basis of one day for each three meals actually served. * * * (5) **Such bills,** when approved by the county commissioners, shall be paid out of the county treasury on the warrant of the county auditor."

Secs 3157, 3158, and 3162 GC define certain duties of the sheriff and invest the Common Pleas Court of the County wherein the sheriff serves with authority to promulgate rules and regulations governing the operation of the county jail by said sheriff.

The court in **Kohler v Powell, 115 Oh St** 418 announced the following proposition of law respecting the scope of §3162 GC:

"Sec 3162 GC confers upon the Common Pleas Court full, complete, and exclusive authority to promulgate rules and regulations for the management and control by the sheriff of the county jail and the persons confined therein, including the feeding of the prisoners."

And in the second syllabus:

"The sheriff has no right to collect from the county to reimburse himself for expenditures made or indebtedness incurred for feeding the prisoners confined in the county jail any sum in excess of such disbursement or indebtedness so incurred. The law does not permit the sheriff to secure a private personal profit out of the feeding of the prisoners confined in the jail."

We have set forth enough of the petition, the section of the code upon which the plaintiff relies and germane sections relevant thereto, together with the one opinion of our Supreme Court which has bearing on the demurrer. We state our conclusions generally.

By (1) §2850 GC the allowance for the cost of keeping and feeding prisoners confined in a county jail is made to the sheriff, though by (5) the bills making up the sum total of this allowance are paid directly to those to whom they are due. Therefore, if the defendant Board has improperly withheld payment the action should be by the sheriff to compel the Board

to make the allowance to him as by the section provided. By (3) §2850 GC and under the provisions of §3162 GC, the food purchased by the sheriff for  which he is to be reimbursed to the extent of its actual cost of furnishing and serving must be purchased by the sheriff under rules and regulations prescribed by the county commissioners, if any be prescribed and likewise, the meals served, food purchased and preparation thereof must be made in conformity to the rules of the Common Pleas Court if any have been promulgated. By (4) it is the obligation of the sheriff on the fifth day of each month to render to the county commissioners an itemized and accurate account, with all bills attached, showing the actual cost of keeping and feeding prisoners and other persons placed in his charge and the number of meals served to each such prisoner or other person during the preceding month.

The petition is silent as to any averment of the essentials set forth in (3), (4) and §3162 GC. The general averment setting forth the actual cost per prisoner per day is a mere legal conclusion and does not meet the requisites of the statute upon which the county commissioners have a right to rely.

If the action is instituted by the proper party it will be essential to the statement of a good cause of action that the petition set forth full compliance with every material requirement of §2850 GC and kindred sections of the code.

Although not controlling as authority, we have examined and found helpful many of the opinions of the attorney general relating to the questions presented in this action. We refer to them and commend them to counsel in the event that a new action is contemplated. Attorney General's Opinions, 1927, Nos. 58, 307, 833 and 1183, for the year 1928, Nos. 3065, for 1932, No. 4217.

The latter part of the third branch of the demurrer, namely, "that there is no cause of action set forth in said petition in favor of plaintiff Josephine Benham, the fourth branch and the first part of the fifth branch, namely: "that the relator shows no clear right to sustain her action." will be sustained. The other branches of the demurrer will be overruled.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.